## CIRCUIT COURT OF FAIRFAX COUNTY

Mains

v.

Connie Hargett

July 16, 1997

Case No. (Chancery) 147565

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on June 27, 1997, on the complainant's Motion for Default Judgment as to defendant Connie Hargett. The complainant, on behalf of the estate of Kenward K. Harris, filed a Bill to Enforce an Attorney's Lien on January 10, 1997. In response, Mr. Trapeni filed an answer in which he admitted and denied certain claims. Ms. Hargett never responded to the bill. I took the plaintiff's Motion for Default Judgment under advisement in order to decide whether the attorney's lien asserted by the complainant survived Ms. Hargett's Chapter 7 bankruptcy proceeding. For the reasons stated below, the Motion for Default Judgment is granted on the issue of liability only. A future date must be set to hear testimony under oath regarding proof of damages.

Ms. Hargett hired attorney Kenward Harris to represent her as a plaintiff in a personal injury claim. Ms. Hargett discharged Mr. Harris after he performed certain legal services and hired Mr. Trapeni. Mr. Mains, administrator of Mr. Harris' estate after Mr. Harris' death, initiated an attorney's lien for legal services rendered by Mr. Harris before his discharge and notified Mr. Trapeni of its existence. Mr. Trapeni acknowledged existence of the lien and later advised Mr. Mains of a $15,000 settlement in Ms. Hargett's personal injury claim. No money was paid toward the attorney's lien. Ms. Hargett thereafter filed bankruptcy. The claim by Mr. Mains on behalf of Mr. Harris was not listed in Ms. Hargett's original list of creditors but was included in an amended list. Mr. Mains instituted the Bill to Enforce the Attorney's Lien against both Mr. Trapeni and Ms. Hargett. Mr. Trapeni, no longer

representing Hargett, was served in person, and Ms. Hargett was served through the Commissioner of the Department of Motor Vehicles.

I find that the attorney's lien instituted on behalf of the Harris estate survived Ms. Hargett's bankruptcy. An attorney's lien, statutory in nature, survives a bankruptcy proceeding unless it falls under one of the categories listed by 11 U.S.C. § 545. The attorney's lien, in the present case, cannot be avoided by Hargett because the lien became effective and was perfected prior to the bankruptcy proceedings. State law provides for an attorney's lien and dictates the way in which the lien may be perfected. Virginia Code § 54.1-3932 provides that an attorney hired in a tort or contract action may institute a lien upon the claim in order to secure fees for legal services rendered. Because a Virginia statute provides specifically for an attorney's lien in certain situations, the lien is considered statutory by definition.

Statutory liens, unlike secured and unsecured debts, will not be discharged in bankruptcy unless specifically excepted by federal statute. Bankruptcy Code 11 U.S.C. § 545 states that a statutory lien may only be avoided in bankruptcy if it first becomes effective after the filing of bankruptcy or it fails to become enforceable by virtue of perfection at the time of the bankruptcy petition. Sections 54.1-3932 and 54.1-3933 of the Code of Virginia require written notice to the opposing party, or its agent, of a lien in order to perfect it. In the case at hand, Mr. Mains notified Mr. Trapeni in writing of an attorney's lien on Ms. Hargett's recovery in her personal injury case before Ms. Hargett filed for bankruptcy and while Mr. Trapeni served as her counsel. Therefore, the lien was both perfected and enforceable because it was instituted before bankruptcy proceedings began and notice of the lien was given to Ms. Hargett's agent. An attorney may collect money for fees incurred while working for a client who later declares bankruptcy. However, recovery is limited to quantum meruit compensation, meaning that the attorney may only collect a reasonable amount for work actually performed prior to bankruptcy proceedings. *In re Ward*, 32 B.R. 318 (Bkrtcy. E.D. Va. 1983). Therefore, the attorney's lien on Ms. Hargett's personal injury recovery surviving the Chapter 7 bankruptcy is limited to work actually performed in furtherance of Hargett's personal injury claim.

Because no responsive pleadings have been filed on behalf of Ms. Hargett, she is in default. Judgment against her may only be entered on liability because the Bill to Enforce an Attorney's Lien was not under oath and sworn testimony is required to determine damages. Mr. Mains shall have the matter placed on the Court's docket for such a hearing, with notice to Mr. Trapeni and Ms. Hargett.